[First Nat. Bank of Birmingham v. The Consol. Electric Light Co.]

| 97 | 465 |
| 111 | 660 |
| 97 | 465 |
| 116 | 231 |

# First National Bank of Birmingham *v.* The Consolidated Electric Light Co.

*Bill to Enjoin Sale of Leasehold Interest levied on under Attachment for Rent.*

1. *Leasehold not subject to attachment for rent.*—A leasehold interest is not included in the description of property which may be levied on under an attachment for rent.— Code, § 3069.

2. *Leasehold not perishable property* —A leasehold is not perishable property which may be sold as such in advance of a judgment in attachment proceedings under section 2958 of the Code, and a bill, the purpose of which is to enjoin such sale, is without equity.

APPEAL from Jefferson Chancery Court.
Heard before Hon. THOMAS COBBS.

SAMUEL A. PUTNAM, and HEWITT, WALKER & PORTER, for appellant.

JAMES H. LITTLE, for appellee.

HEAD, J.—There is, manifestly, no equity in this bill. The appellee, the appellant, and The People's Savings Bank and Trust Company, severally, sued out attachments in a court of law against Erminger, an insolvent. The attachments were issued and levied upon Erminger's property, in the order above named. Besides other property, they were levied upon Erminger's leasehold interest in a store-house in Birmingham, Ala., which he had leased from the said People's Savings Bank and Trust Company, and which he was at that time using as a store-house. The bill avers that the attachment of the People's Savings Bank and Trust Company was sued out upon the ground that it was the owner of the said store-house, and that Erminger owed it under his rent contract both for past due rent and for rent to become due under said contract, and that it claimed priority over the other two attaching creditors by reason of its rent-lien, which claim was not disputed by either; that on the 18th day of January following the levy that company procured an order from the City Court of Birmingham, from which the attachment was issued, to sell the said leasehold interest, on

30–97.

the ground that it was *perishable;* and on the 26th day of the same month the sheriff sold it under the order, and complainant became the purchaser and took and yet retains possession thereunder, enjoying the rents. The bill further avers that the appellee (whose attachment, we have seen, was first levied) claims, by virtue of its attachment, the rents that accrue from said leasehold interest, and is about to sell said leasehold under its attachment. It is averred that the property is valuable to complainant only for the rents paid by its tenant, and if it is sold under appellee's attachment complainant will be dispossessed by the purchaser and the rents paid to him; and before complainant can assert his title and re-acquire possession the rents accruing will or may be paid to irresponsible parties; and though complainant "succeeds in establishing its title in a court of law, it will have lost the rents and profits." The prayer is, that a receiver be appointed to collect the rents and be decreed to pay them to complainant, and that a sale under appellee's attachment be enjoined.

We are without a brief in the case, and do not know what the complainant's conception is of the nature of its title. The contention must be, in order to any standing whatever in the Chancery Court, that complainant acquired by its purchase only an equity, and that a sheriff's sale and conveyance under a judgment in appellee's attachment suit will convey the legal title, and that its equity is superior in right to that legal title; for, manifestly, if it acquired a legal title by its purchase, coupled with a superior equity, it can successfully defend at law any possessory action which the purchaser at the threatened attachment sale might bring against it. But, it is clear the complainant acquired by its purchase no title whatever, legal or equitable. If the attachment under which it purchased was sued out, under the statute, to enforce a landlord's lien for rent, the leasehold was not subject to levy under it. The lien exists, and the attachment is directed against and leviable only upon the goods, furniture and effects of the tenant upon or in the rented premises.—Code, § 3069 *et seq.; Abraham v. Nicrosi,* 87 Ala. 173. The term "effects" must be construed to mean property of the same general nature as "goods" and "furniture" which precede it. A chattel real, such as a leasehold interest in lands, though personal property, has different attributes from those of other chattels. It is an immovable thing, attached to and issuing out of land. The lien conferred by the statute upon landlords of store-houses, &c., is upon the movable, tangible property of the tenant placed

upon the rented premises during the term. As well might it be said that the term "effects" includes the choses in action of a tenant, as a chattel real. We can not well imagine how a tenant can convey to, and place upon, the rented premises his leasehold interest in the rented premises. But again, it appears that the leasehold interest was sold in advance of a judgment in the attachment suit, under that provision of the Code (§ 2958) which authorizes the court to order a sale of goods levied on under attachment which are perishable in their nature. Most clearly, a leasehold interest in lands is not perishable property within the meaning of the statute, and no adjudication of the court ordering its sale can make it so. Under such an interpretation a leasehold of twenty years duration and of great value could be summarily sold, and a good title passed to the purchaser, without notice to the owner, or any adjudication of his liability for the demand to which the property is sought to be condemned. Certainly, the statute never contemplated such a result. In any view we take of it, the complainant's purchase was a nullity. There was no equity in the bill, and the decree of the chancellor is affirmed.

Affirmed.