# Milliken v. Faulk.

*Bill in Equity to Enjoin Trespasses.*

1. *Lease of growing timber, is unconditional estate in realty; must be recorded to be valid against bona fide purchasers without notice.*—A lease of the growing timber on land for the term of three years is the conveyance of an unconditional estate in real property, within the meaning of section 1810 of the Code, providing that the same is void as to purchasers for value, without notice, unless recorded within 30 days.

APPEAL from the Chancery Court of Henry.

Heard before the Hon. JERE N. WILLIAMS.

The bill in this case was filed on September 2, 1895, by W. W. Milliken, the appellant, against E. L. Faulk; and prayed to have the defendant enjoined from trespassing upon lands described in the bill.

The complainant relied on a lease-hold interest in the lands described in the bill, and his right of possession under said lease. The respondent answered the bill, admitting the trespass, but denied the right of the complainant to the possession of the property, and set up

[Milliken v. Faulk.]

the fact that he had purchased the lands from the complainant's lessor, prior to his entering thereon.

The cause was submitted upon the following agreed state of facts: Complainant obtained lease to the timber growing on land described in the bill on September 12, 1890, from J.D. Calloway who then owned said land. That complainant entered upon the same in December, 1893, and January, 1894, and boxed the timber thereon and is now using and operating the same. The respondent bought said land in 1892 from said Calloway and obtained from him a warranty deed for same and paid the purchase money therefor. That at the time of the purchase of and payment for said land the respondent had no notice of complainant's lease, the said lease not being recorded in probate office. That at the time of purchase of said lands he moved on and took possession of same, and that when bill was filed he was cutting timber thereon and intended to continue to cut it. That respondent is insolvent, and that the said lease is worth $150 to complainant. That complainant notified respondent to discontinue cutting said timber, and that such cutting destroyed the use of said timber to the purposes of complainant The other facts of the case are sufficiently stated in the opinion.

The chancellor rendered a decree declaring that the complainant was not entitled to the relief prayed for, and ordered his bill dismissed. From this decree the complainant appeals, and assigns the same as error.

Espy & Farmer, for appellant.

W. W, Sanders, contra.

COLEMAN, J.—One J. D. Calloway, by written instrument, did thereby "lease to said Milliken all the pine timber growing on the following lands, viz.: [describing them], for the term of three years beginning on the first day of boxing and ending on the .............." Milliken did not record this agreement. Subsequently, J. D. Calloway sold and conveyed by absolute deed to the respondent the same lands for a valuable consideration. At the time of his purchase and payment, Faulk had no notice, actual or constructive, of the agreement between Calloway and plaintiff Milliken.

The one material question presented by the record is, whether the agreement between Calloway and Milliken, by which Milliken acquired an interest in and use of the trees for three years, is an unconditional conveyance of real property, within the meaning of section 1810, which declares that "conveyances of unconditional estates and mortgages, or instruments in the nature of a mortgage, of real property, &c., are void as to purchasers for a valuable consideration * * * having no notice thereof, unless recorded within thirty days." The only argument of appellant to show that the agreement is not a conveyance within the meaning of the statute is, that the estate acquired by the agreement was "personal property," and not an estate of real property. In the case of *First National Bank v. Consolidated Electric Light Company*, 97 Ala. 465, it was said : "A chattel real, such as a freehold interest in lands, though personal property, has different attributes, from those of other chattels. It is an immovable thing, attached to and issuing out of lands ;" and this we understand to be universally correct. A lease is a contract or agreement for the possession and profits of lands and tenements.— 12 Am. & Eng. Encyc. of Law, 976. Strictly speaking, it is not a term applicable to chattels, which are not attached to or issue out of realty. A lease is a conveyance or grant. - Winfield Adjudged Words, 356 ; Rapalje Law Dict., Vol. 2, Lease ; Bouvier Law Dict. The use of the word "lease" in the agreement operated to convey. Growing timber is a part of the realty. It can not be sold and conveyed to another except by instrument in writing. A lease of such interest for a longer period than one year is required to be in writing by the statute of frauds. In our opinion, the instrument conveyed an unconditional estate of real property. If such an instrument is not required to be recorded, there is no law which requires that a lease of lands for a period of twenty years should be recorded. Such a construction would defeat the very purposes of the statute of registration. We are aware that there are conflicting decisions as to whether a lease or an instrument of this character comes within the provisions of the statute which requires the recording of conveyances.—12 Amer & Eng. Encyc. of Law, 976. We are of opinion that the agreement is within the letter and spirit of the statute, and must

[Carroll *et al.* v. Kelly.]

be recorded as against innocent purchasers. The decree of the court is in accordance with this conclusion, and must be affirmed.

Affirmed.