# McCreery & Co. *et al. v.* Berney National Bank.

*Bill in Equity to have declared Void a Sale Ordered by the Court.*

1. *Equity pleading; conclusions of pleader; insufficient on demurrer; fraud.*—A demurrer to a bill in equity confesses only matters of fact which are well pleaded, and not conclusions or inferences of law or of fact, and when fraud is averred in general terms and no facts are alleged constituting such fraud, the court can not consider such averments in passing on a demurrer to such bill.

2. *Same; same; sufficiency of averments as to fraud in obtaining order in attachment suit.*—Where a bill is filed seeking to have declared void a sale of personal property which had been seized under a writ of attachment and sold under an order of the court in advance of judgment, averments that the purpose of the defendant in obtaining the order for the sale of said property was "to buy it at a great sacrifice before other creditors could have an opportunity to bid at the sale," and that "the sale was for the purpose of hindering, delaying and defrauding" the debtor's creditors, are mere conclusions of the pleader, and can not be considered in passing upon the demurrer to the bill.

3. *Attachment; sale of perishable property.*—Under the provisions of the statute (Code of 1886, § 2958, Code of 1896, § 549), authorizing the court on motion of either party to order the sale of perishable property in advance of judgment, the court has jurisdiction to order the sale of any property which is subject to attachment; and a sale made under such an order vests a perfect title in the purchaser as against the parties plaintiff and defendant and all others not having a paramount title or lien.

4. *Same; same; collateral attack.*—When property subject to attachment is levied on, and a motion is made in a proper manner by either party for an order of sale in advance of judgment, on the ground that the property is perishable, the jurisdiction of the court to order the sale attaches, and whatever may be the character of the property, if the court is satisfied that, either by reason of its perishable nature or the expense of keeping it until the termination of the litigation, it would prove, or is likely to prove fruitless to the creditor, and that the purpose of its original seizure will probably be frustrated, its judgment in ordering the sale is conclusive until reversed in some direct proceeding; and such judgment can not be drawn in question collaterally.

5.  *Equity of bill to take charge of debtor's property; insolvency alone not sufficient to confer jurisdiction.*—Insolvency alone, in the absence of fraud or collusion, does not authorize a court of equity at the suit of a creditor to take charge of a debtor's property and administer it for the benefit of his creditors.

APPEAL from the City Court of Birmingham, in Equity.

Heard before the Hon. H. A. SHARPE.

The bill in this case was filed by the appellants as creditors of B. Somers & Co. against the appellees, the Berney National Bank and B. Somers & Co.

The bill averred that on December 4, 1893, the Berney National Bank sued out an attachment in the city court of Birmingham against respondents, B. Somers & Co., and had it levied on one stock of dry goods in store No. 2019 First Avenue, in said city, worth $15,000; one complete set of store fixtures, consisting of counters, shelving, iron safe, desk and show cases in said store worth $2,000, and a leasehold interest in said store worth $1,500. That on the 17th of December, 1893, said Berney National Bank made a motion in said city court of Birmingham, for the sale of said property as perishable; and, on December 18, 1893, said motion was granted. On December 30, 1893, said property was sold by the sheriff of Jefferson county, under said order, and bought in by said Berney National Bank for the sum of $5,500, and possession of the same was taken by said Berney National Bank.

The bill further avers that said sale was made before the Berney National Bank had obtained judgment in its said attachment suit, and the court had no jurisdiction to grant such order, and the sale was absolutely void and conveyed no title to the same. It further alleges that the fixtures levied upon and bought in by it had been disposed of by said bank, and the stock of goods had been sold out at retail by said bank, and the proceeds used and appropriated by the bank; that the sale of said stock of goods and fixtures occurred before it was possible for complainants to get judgment and levy upon the same at law.

There is a further averment that at the time of said levy and sale by said Berney National Bank, B. Somers & Co. were insolvent and indebted to a large number of

foreign creditors, among whom were complainants ; that the purpose of the Berney National Bank in selling said goods and other property before judgment was to buy them at a great sacrifice before other creditors could have an opportunity to bid at the sale ; that the property was worth more than three times the amount that it brought at said sale, and that the sale was for the purpose of hindering, delaying and defrauding the creditors of B. Somers & Co. There is a further allegation that the leasehold interest had expired, and that complainants could not have obtained judgment before the expiration of said lease.

The prayer is, that the sale to said Berney National Bank be declared fraudulent and void as to the debts of complainants, and that the Berney National Bank be held as trustee for the value of said property to the extent of complainants' debts.

To this bill the Berney National Bank demurred upon the following grounds : 1st. The allegation that the city court had no jurisdiction to order the sale of the property of B. Somers & Co., described in the bill as perishable, and the averment that said sale was therefore void, constitutes no ground of equitable interference, and no facts sufficient to avoid said sale on the ground of fraud are sufficiently averred. 2d. It appears from the averments of said bill that the property therein described was sold under order of court, and although it is alleged that said property brought less than it was worth, and that it was sold at the time for the purpose of buying it at a sacrifice, yet these facts are not sufficient to show fraud in a sale at public outcry to the highest bidder under order of court, nor are there any facts averred that show any fraud in the purchase of said property by this defendant. 3d. There are no facts showing fraud in the purchase by this defendant of the property described in the bill sufficiently averred. 4th. The facts averred in complainants' bill only show a void judicial sale, for which complainants have an adequate remedy at law, and no facts are averred by complainants showing any fraud in said sale. 5th. Defendant further demurs to said bill because no facts are averred showing that the sale of said stock of goods was not a valid judicial sale made by a court having jurisdiction to order the same, and no facts are averred showing fraud in said sale ; and

because it is averred that the sale of the leasehold and fixtures was absolutely void, complainants have an adequate remedy at law. 6th. No want of jurisdiction being shown in the city court of Birmingham to order the sale of said stock of goods, said sale is not subject to collateral attack for inadequacy of price or other cause.

Upon the submission of the cause upon these demurrers, the chancellor rendered a decree sustaining them. From this decree the complainants appeal, and assign the rendition thereof as error.

MOUNTJOY & TOMLINSON, for appellant.—1. Orders and decrees of a court acting without jurisdiction are void, and proceedings thereunder may be collaterally attacked.—*Wightman v. Karsner*, 20 Ala. 446; *Lewis v. Allred*, 57 Ala. 628; *Lamar v. Commissioner's Court*, 21 Ala. 772; *Lamar v. Gunter*, 39 Ala. 324; *Moody v. Bibb*, 50 Ala. 245; *Goldsmith v. Stetson & Co.*, 39 Ala. 183; *Crabtree v. Cliatt*, 22 Ala. 181; *Duncan v. Stewart*, 25 Ala. 408; Freeman on Void Judicial Sales, § 2.

2. A court has no jurisdiction under section 2958 of the Code to order sale of property not perishable in its nature.—*First Nat. Bank of Birmingham v. Consolidated Electric Light Co.*, 97 Ala. 465.

3. Goods which decay and lose their value if not consumed soon—fish, fruit and the like—are perishable. "By the English Judicature Act, 1875, Ord. LII. r. 2, such goods, when the subject of an action, may, by order of the court or a judge, be sold. Similar statutory provisions exist in the different American jurisdictions." 2 Rapalje's Law Dictionary, p. 562, Subject "Perishable Goods."

4. Leasehold, fixtures, dry goods, &c., are not perishable within the meaning of section 2058 of the Code of 1886.—*First Nat. Bank v. Consolidated Elec. Light Co.*, 97 Ala. 465; *Illinois Central R. R. Co. v. McClellan*, 54 Ill. 58.

WALKER PERCY, *contra.*—1. General averments of fraud are insufficient in a bill of equity. The facts constituting the fraud must be averred.—*Loucheim & Co. v. Bank*, 98 Ala. 524; *Fort Payne Furnace Co. v. Coal & Iron Co.*, 96 Ala. 472.

2. The allegations of complainants bill show a valid legal sale of the personal property described therein;

and the sale of the leasehold was a mere nullity, vesting no rights in respondent bank.—*First Nat. Bank v. Consolidated Elec. Co.*, 97 Ala. 465.

3. A void judicial sale constitutes no ground for equitable interference, nor will the purchaser at such sale be declared a trustee *in invitum*.

BRICKELL, C. J.—This is an appeal from a decree sustaining a demurrer to a bill of complaint filed by appellants, creditors of B. Somers & Co., which seeks to have declared void a sale of personal property, which had been seized as the property of said B. Somers & Co. under a writ of attachment sued out by the Berney National Bank, and sold under an order of the court, in advance of judgment, as "perishable property," and purchased at the sale by the Berney National Bank; and to have the latter declared a trustee of said property, or the proceeds thereof, and compelled to account as such. The property consisted of a stock of dry goods, of the alleged value of $15,000, a complete set of store fixtures, valued at $2,000, and a leasehold interest in the store-room, valued at $1,500; all of which were bid in and purchased by the bank for the sum of $5,500.

A demurrer to a bill confesses only matters of fact which are well pleaded, and not conclusions or inferences of law or fact. When, therefore, fraud is averred in general terms, and no facts are alleged constituting the fraud, the court can not consider the averment in passing on the demurrer, for such averments are mere conclusions of the pleader.—*Flewellyn v. Crane*, 58 Ala. 629; *Loucheim v. First Nat. Bank*, 98 Ala. 524; *Fort Payne Furnace Co. v. Fort Payne Coal & Iron Co.*, 96 Ala. 476; *McDonald v. Pearson*, 114 Ala. 630. Such are the allegations that the purpose of appellee in obtaining the order for the sale of said property was, "to buy it at a great sacrifice before other creditors could have an opportunity to bid at the sale," and that "the sale was for the purpose of hindering, delaying and defrauding creditors of B. Somers & Co."

Eliminating these averments, therefore, and dismissing them from consideration, the only theory that can be offered in support of the bill is, that the property ordered by the court to be sold was not "perishable" within the meaning of section 2958 of the Code of 1886 (Code of 1896, §

549), authorizing the court, on motion of either party, to order the sale, in advance of judgment, of perishable property which had been levied on; and therefore the court had no authority to order the sale, the order and sale thereunder were void for want of jurisdiction, and no title passed to the defendant. This theory would limit the power of the court to order the sale of only such property as contained in itself the elements of speedy decay, such as fruits, fish, fresh meats, etc., or such as, from its nature, could be said to be perishable without any evidence to prove the fact, and cannot be sustained without giving to our statutes regulating the subject a construction so narrow as to defeat the manifest purpose intended to be accomplished by the Legislature in their enactment, and to defeat also, in many instances, the purpose of the statutes authorizing the remedy by attachment. The purpose of the preliminary seizure of the property of a supposed debtor, before any judgment determining the fact or amount of indebtedness, is to conserve it for eventual execution after the lien created by the seizure shall have been perfected by judgment. But in many instances the nature of the property and the expense of keeping it to await the termination of the litigation, a period indefinite and often impossible of ascertainment, would render the remedy fruitless to the creditor, if the property should be kept in the form in which it was seized. The statutes authorizing the conversion into imperishable cash of property that would otherwise be destroyed, or would deteriorate greatly in value, if kept, were therefore adopted, and their manifest purpose was, as has heretofore been stated by this court, "as well to protect the attaching creditor and give him a fruitful remedy against his debtor, as to protect the debtor and prevent the sacrifice of his property without accomplishing the payment of his debt. Both the creditor and debtor have an equal interest in the sale of the property falling within the scope of the statute, as it pays the debt on the one side, and at the same time it deprives the other of his property. But for this law the debtor would often be deprived of his property, whilst the debt for which the attachment was issued would be left unpaid."—*Millard v. Hall*, 24 Ala. 230. This purpose could not be effected in the great majority of cases, if the power of the court to order the

sale, in advance of judgment, of property levied on should be limited to such property only as was in its nature perishable, containing in itself the elements of speedy decay; for this species of property constitutes but a small proportion of that which is usually levied on. The statute must be given a broader construction if the purpose of the Legislature is to be effectuated. In the case cited, the defendant in attachment brought an action of detinue for the recovery of a slave which had been levied on, against the purchaser at a sale which the court had ordered in advance of judgment, on the ground that the property was perishable. It was contended that a slave was not perishable property within the meaning of the statute, and that the order of sale was, therefore, void for want of jurisdiction, and the sale vested no title in the purchaser. The statute then in force was very carefully considered for the purpose of determining what property the court had authority to order sold, and it was held that the power of the court under the statute was broad enough to authorize it to order the sale of any species of property that was subject to levy under a writ of attachment. GIBBONS, J., delivering the opinion, said: "Giving to the statute this construction, it will be seen that its terms are quite comprehensive; all that is necessary to be shown is, that the article levied on is likely to waste or be destroyed by keeping. It need not be shown that it will necessarily waste or be destroyed; but if it be likely to waste or be destroyed, it may be sold—not one particular article, or one species of articles, but *any estate attached*." p. 231. And again: "If it is shown that by keeping the article it will necessarily become, or is likely to become, worthless to the creditor, and by consequence to the debtor, then it is embraced by the statute. It matters not, in our opinion, what the subject matter is; it may be cotton bales, live stock, hardware, provisions, or dry goods; if by keeping them to the end of the litigation, they will prove, or be likely to prove, fruitless to the creditor, he may have them sold, on the order of the judge, according to the statute in such case made and provided." p. 232. While the statute under which that case was decided was somewhat different in its terms from the present statute, in that it used the words "likely to waste, or be destroyed by keeping,"

instead of the word "perishable," the reasons given for the construction placed on that statute apply equally to the statute under consideration. Although section 2958 refers, in terms, only to property which is "perishable," section 2959 makes it the duty of the sheriff, in vacation, to sell property levied on, if it be of "so perishable a nature that it will deteriorate greatly in value, or be destroyed, before the meeting of the court, or if the charge of keeping it be very great;" and it cannot be doubted that the power of the court is as great and its discretion as broad, under the one section, as the sheriff's under the other.

It will be seen, therefore, that the subject-matter cannot affect the question of jurisdiction to order the sale, when the property levied on is subject to attachment. If the evidence adduced in support of the motion satisfies the court that it will be to the interest of all the parties to sell the property in advance of judgment, this evidence cannot be reviewed, and its sufficiency questioned, in a collateral proceeding, for the purpose of defeating the title of the purchaser at the sale. It necessarily follows that when property subject to attachment is levied on, and a motion is made in the proper manner by either party for an order of sale, on the ground that the property is perishable, the jurisdiction of the court to order the sale attaches, and the validity of the sale if ordered, cannot be drawn in question collaterally. Whatever may be the character of the property, if the court is satisfied that, either by reason of its perishable nature, or because of the expense of keeping it until the termination of the litigation, it will prove, or be likely to prove, fruitless to the creditor, and that the purpose of its original seizure will probably be frustrated, its judgment is conclusive until reversed in some direct proceeding. And it necessarily results, also, that a sale made under such an order vests a perfect title in the purchaser as against the parties plaintiff and defendant, and all others not having a paramount title or lien.

The appellants rely on the case of *First Nat. Bank v. Consolidated Electric Light Co.*, 97 Ala. 465, in support of the contention, that a sale of property which is not in fact perishable, although found to be so by the court, is absolutely void; and, in particular, that a sale of a leasehold interest in land, in advance of judgment, is void

and vests no title. It is true, there is an intimation to that effect in the opinion in that case, but the real point on which the case was decided was, that a leasehold interest in land is not subject to seizure under an attachment sued out by a landlord to enforce his lien, because it is not "goods, furniture and effects" within the meaning of the statute giving to a landlord a lien for his rent and a remedy by attachment for its enforcement. But the attachment under which the leasehold interest of B. Somers & Co. was levied on, is not shown to have been sued out by a landlord to enforce his lien. We may presume, therefore, that appellee was a mere general creditor, like complainants, seeking to collect its debt by the process of attachment; and it may be said that, in general, any property which is subject to levy and sale under execution is subject to attachment. We can conceive of no species of property which will more surely deteriorate in value, pending litigation, and become destroyed and fruitless alike to the creditor and all others in interest, than a leasehold interest in a storeroom. Its destruction is as inevitable as the lapse of time. Its value is the amount it will sell for in the market in excess of the aggregate rental reserved in the lease, and it is self evident that this amount will diminish day by day until the expiration of the lease, when it will be nothing. If the remainder of the term vested in the defendant should not be longer than the probable duration of the litigation, the levy on it would be futile, if the court had no authority to order its sale in advance of judgment; for after judgment there would be nothing to sell. If, on the contrary, the lease has many years to run after the termination of the litigation, this is a fact that should affect the discretion of the court, and might justify its refusal to sell defendant's interest therein, but would not be ground for declaring the sale void in a collateral proceeding. But we need not, and do not decide this question. If we concede the theory of appellant, that the sale was void for want of jurisdiction in the court to order it, and vested no title to the property in the appellee, yet the averments of the bill do not show any title in complainants to the relief prayed for. If no title passed by the sale, then the title to the property, or right to the proceeds thereof, is in B. Somers & Co., and no facts are averred in the bill sufficient

[Martin *et al.* v. Berry, Demoville & Co.]

to authorize a court of equity to take the property into its custody and administer it for the benefit of the creditors of that firm. Insolvency alone, in the absence of any fraud or collusion, is insufficient for this purpose. *O'Bear Jewelry Co. v. Volfer & Co.*, 106 Ala. 219.

We find no error in the decree sustaining the demurrers, and it must be affirmed.

Affirmed.