[No. 1232, July 1, 1909.]

FRANK H. JONES, Trustee in Bankruptcy of the Oro Dredging Company, a Bankrupt, Appellant, v. CHARLES SPRINGER, Appellee.

SYLLABUS (BY THE COURT).

1. A purchaser of property sold under Section 2716, C. L., who was a bona fide purchaser for value, without notice, has a perfect title to such property.

2. Where a state or Territorial Court sells attached property, as perishable or liable to be lost or diminished in value during the pendency of bankrupt proceedings against the attachment creditor, of which neither the court, the officer making the sale, or the purchaser had any notice until after the sale was confirmed, the trustee in bankruptcy must

Jones v. Springer.

take the proceeds of such sale in lieu of the property so sold.

3. A bona fide purchaser for value at such sale is specifically protected by the proviso following Section 67, of the Bankruptcy Act of 1898, (Stat. L. 565.)

Appeal from the District Court for Colfax County, before WILLIAM J. MILLS, Chief Justice. Affirmed.

ELMER E. STUDLEY and SCOTT, BANCROFT & STEPHENS for Appellant.

The dredge sold was not perishable property within the meaning of Section 2716, Compiled Laws, 1897. Mosher v. Bay Circuit Judge, 108 Michigan, 578, 66 N. W. Rep. 478; Oneida National Bank v. Paldi, 2 Michigan N. P. 221; Newman v. Kane, 9 Nev. 234; Goodman v. Moss, 64 Miss. 303, 1 So. Rep. 241; Weis et al v. Basket, 71 Miss. 771, 15 So. Rep. 659, Young v. Kellar, 94 Mo. 581.

The jurisdiction of the Bankruptcy Court is exclusive. Bankruptcy Act of 1898, sects. 2 and 70; In re Watts & Sachs, 190 U. S. 1, 27, 28, 30; In re Tune, 115 Fed. Rep. 906; Bear v. Chase, 99 Fed. Rep. 920.

The lien of attachment was made null and void upon the filing of the petition in bankruptcy. Bankruptcy Act of 1898, sec. 67 F; Loveland on Bankruptcy, 2 ed. 279; Chaplain v. Brewer, 114 U. S. 158, 169; Michaels v. Post, 21 Wallace 398; In re American Brewing Co., 112 Fed. Rep. 572; State Bank v. Cox, 143 Fed. Rep. 91; Clark v. Laremore, 188 U. S. 486; In re Frances Valentine Co., 94 Fed. Rep. 793; In re Kenney, 105 Fed. Rep. 898; First National Bank v. Staake, 202 U. S. 141; In re Rogers, 116 Fed. Rep. 435; In re Jennings, 8 A. B. R. 358; Bear v. Chase, 99 Fed. Rep. 920; Metcalf v. Barker, 187 U. S. 165; Eyster v. Gaff, 91 U. S. 521.

The bankruptcy proceedings are in rem and notice to all the world and there cannot be a valid sale of the assets of a bankrupt subsequent to the entry of the order of adjudication, except by a trustee in bankruptcy. Bankruptcy Act of 1898, sects. 67 F and 70, par. 6, sub-sec. E; Bank v. Sherman, 101 U. S. 403, 406; Mueller v. Nugent.

184 U. S. 1, 14; Van Fleet on Collateral Attack, sec. 410; Lamp Chimney Co. v. Ansonia Brass Co., 91 U. S. 656; In re Granite City Bank of Dell Rapids, 137 Fed. Rep. 818; In re Benedict, 140 Fed. Rep. 55; Bryan v. Bernheimer, 181 U. S. 188; Bardes v. Havarden Bank, 178 U. S. 524; Conner v. Long, 104 U. S. 228; Duffield v. Horton, 73 N. Y. 218; State Bank v. Cox, 137 Fed. 91; In re Billings, 17 A. B. R.; In re Goldberg 10 A. B. R. 97; In re Rodgers, 125 Fed. 169, 60 C. C. A. 567; In re Kellogg, 131 Fed. 333, 57 C. C. A. 547; White v. Schloerb, 178 U. S. 542, 20 Sup. Ct. 1007, 44 L. ed. 1183; In re Kenney, D. C., 97 Fed. 557, 558; In re Reichman, D. C., 91 Fed. 624; In re Fellerath, D. C., 95 Fed. 121; In re Rome Planing Mill, D. C., 96 Fed. 812; In re Vaughan, D. C., 97 Fed. 560; In re Higgins, D. C., 97 Fed. 775; In re Burns, D. C., 97 Fed. 926; Bear v. Chase, 40 C. C. A. 182, 99 Fed. 920-925.

CHARLES A. SPIESS for Appellee.

The ordinary tribunals are not deprived by mere force of an adjudication in bankruptcy of jurisdiction over suits against the bankrupt. In re Irwin Davis, First Sawyer 260; Eyster v. Gaff, 91 U. S. 521; Doe v. Childers 21 Wallace 642; Kent v. Downing, 44 Ga. 116; In re Fuller, First Sawyer 243; Bracket v. Dayton, 34 Minn. 219; Revere Copper Co. v. Anthony W. Dimock, 90 N. Y. 33; Muser v. Kern, 55 Fed. 916; Morning Telegraph Publishing Co. v. S. B. Hutchison Co., 8 L. R. A., New Series, 1232; Mueller v. Nugent, 184 U. S. 1; York Mfg. Co. v. Cassell, 135 Fed. 52; Conner v. Long, 104 U. S. 228.

A sale conducted by necessity will confer a good title on the purchaser, although the vendor has none, because the true owner is of all men the most interested in having the property turned into money if it cannot be preserved. C. L. 1897, sec. 2716; Young v. Keller, 94 Mo. 581; Baker v. Baker, First Vent 313; Rorer Judicial Sales. sec. 526; Mo. Revised Statutes, sec. 356; Jennings v. Carson, 4 Cranch. 26; Foster v. Cockburn, Parker's Report 70; Eyston & Studd Plowd. Com. 465, 466; Wreck by 11

Westm. Ch. 4; Megee v. Beirne, 39 P. St. 50; Griffith v.
Fowler, 18 Vt. 390; 2 Smith,s Leading Cases 973 et seq.;
Betterton et al v. Eppstein et al, Tex., 14 S. W. 861;
Crocker v. Baker, 35 Mass. 407; O'Brien v. Norris, 77
Am. Dec. 284; State v. Judge, 37 La. Ann. 253; Hall v.
Richardson, 16 Md. 396; O'Brien v. Norris, 16 Md. 122;
National Bank v. Thomts, 125 Mass. 278; Franke v. Ely,
50 Mo. App. 579; Pace v. Smith, 57 Tex. 555; Richmond
v. Collamer, 38 Vt. 68; State v. Judge, 44 La. Ann. 87;
Pollard y. Baker, 101 Mass. 259; Taylor v. Thurman, 12
S. W. Rep. 614; Welsh v. Lewis, 81 Ga. 387; Peters v.
Aehle, 31 Mo. 380; York v. Sandborn, 47 N. H. 403;
McCreary v. Barney Natl. Bank, 116 Ala. 224; Runner
v. Scott, 150 Ind. 441; Dunn v. Salter, 1 Dno. Ky. 342;
In re Le Vay, 125 Fed. 990; Young v. Davis, 30 Ala. 113;
Schumann v. Davis, 13 N. T. Sup. 575; Southern Rail-
road Co. v. Sheppard, 20 S. E. 481; Anonymous v. Horse
and Chaise, 18 N. J. Law 26; Mosher v. Bay Circuit
Judge, 108 Mich. 579.

A court cannot take judicial notice of bankruptcy pro-
ceedings carried on in a foreign jurisdiction. Eyster v.
Gaff, 91 U. S. 521; Bankruptcy Act 1898, secs. 57, 67, par.
F, 70; Clark v. Larremore, 188 U. S. 486; Metcalf v.
Barker, 187 U. S. 165; In re Franks, 95 Fed. 635; In re
Mueller, 101 Fed. 413; Collier on Bankruptcy 574, 5th
ed.; Harrel v. Beale, 17 Wall. 590; Spicer v. Waters, 65
Barb. 227; Perry on Trusts 218; Alden v. Trubee, 44
Conn. 455; Wigmore on Ev. vol. I, sec. 714; Lawson on
Expert and Opinion Ev. 61.

### STATEMENT OF FACTS.

On February 26th, 1906, one J. Van Houten brought
an action by attachment against The Oro Dredging Com-
pany, a corporation organized under the Laws of the State
of Illinois, but doing business in Colfax County, New
Mexico. Said Van Houten caused a writ of attachment
to issue out of said court, and the same was levied on the
property of said Dredging Company, located in said Col-
fax County, consisting of certain real estate and some
personal property, among the latter being the dredge in

controversy. There is no contention, but the attachment was regular in all things, though there was no personal service on the Oro Dredging Company, but by publication, and an appearance entered for it by the clerk, upon the order of said court; jurisdiction of the property attached was thus acquired.

The writ of attachment was served on February 27th, 1906, as shown by the sheriff's return, and on March 21st, of the same year, an application for a special receiver was made to take charge of the dredge, and upon a showing by affidavits that such receiver was necessary, the court on said day, appointed one James K. Hunt, as such receiver, who qualified and appears to have taken possession of the dredge at or about that time. Afterwards, on May 1st, 1906, a motion was made by Van Houten's attorney, to have the dredge sold by the receiver, and on that day an order for its sale was made by the court, said order reciting that "The court having considered testimony, heretofore produced, before him on the application for the appointment of a receiver, and the further testimony of William C. Wrigley, Esq., attorney for plaintiff, in the suit of H. J. Reiling v. Oro Dredging Company, brought in this court, and finding that it is expensive to protect and conserve said dredge, and that the same is deteriorating in value, and that the best interest of the defendant, Oro Dredging Company, as well as of creditors, and all parties (concerned) in the same are best protected by a speedy sale of said dredge, etc."

At the sale, on June 26th, 1906, which appears to have been conducted in accordance with the order of the court, one Charles Springer was the purchaser for $5,000.00 cash, and the sale was confirmed and the possession of the dredge taken by Springer. Appellants counsel seem disposed to dispute the confirmation of the sale in their brief, but as it is pleaded by appellant in par. 12 of his amended petition in intervention, counsel's argument must be the result of an oversight.

After the attachment proceedings were brought by Van Houten in Colfax County, N. M., as aforesaid, certain

Jones v. Springer.

creditors of The Oro Dredging Company, filed a petition
in bankruptcy against said Company in the United States
District Court for the Eastern Division of the Northern
District of Illinois, and on April 23rd, 1906, said The
Oro Dredging Company was duly adjudged a bankrupt in
said court.   On July the 9th, of said year the intervenor,
Frank H. Jones, of Chicago, Illinois, was duly appointed
Trustee in Bankruptcy for said bankrupt, and became
duly qualified by giving the required bond, which was
approved on July 16th, 1906.

The first intimation that the District Court of Col-
fax County, New Mexico, or any of the litigants or par-
ties interested in the attachment proceedings, including
Springer, the purchaser at the sale, seem to have had of
the bankruptcy proceedings, was on August 2nd, 1906,
when an appearance was entered in said District Court of
Colfax County, for the purpose of moving that court to dis-
solve the attachment, and order all the attached property,
including the dredge, turned over to the trustee in bank-
ruptcy.

This motion was filed, and on motion of Van Houten's
counsel, was, by the court, stricken from the files.

The trustee in bankruptcy, thereafter, on August 4th,
1906, filed in the District Court of Colfax County, afore-
said, an order of the Bankruptcy Court authorizing him,
said trustee, to intervene in the attachment suit, which
he accordingly did, setting up the bankruptcy proceed-
ings, etc., and praying for the dissolution of the attachment,
and the possession of all the attached property, includ-
ing the dredge, which had been sold and delivered to
Springer.   Springer answered setting up the attachment
proceedings, and the sale of the dredge to him.   The issue
thus joined was submitted to Honorable Wm. J. Mills,
Chief Justice of the Supreme Court, and Judge of the
Fourth Judicial District on the pleadings, evidence, and
stipulation of counsel, as to certain facts, who, after due
hearing dissolved the attachment as to all the property in-
volved, except the dredge, which he awarded to Springer,

and from the judgment in Springer's favor, appellant duly appealed to this court.

### OPINION OF THE COURT.

MANN, J.—The question of law involved is, whether or not Charles Springer is a bona fide purchaser for value, within the meaning of the proviso in paragraph f of Sec. 67, of the Bankruptcy Act, 30 Stat. L. 565; 1 Fed. St. Am. 693.

The answer to this question depends upon whether or not the trial court in the attachment case had authority to order the sale and if such authority existed, whether or not Springer was a purchaser for value in good faith, and without notice or reasonable cause for inquiry, as to the bankruptcy proceedings.

The statute under which the dredge was sold is section 2716, C. L. 1897, and reads as follows:

"In all suits in the District Courts by attachment, when the property attached shall be of a perishable nature, and liable to be lost or diminished in value before the final adjudication of the case and the defendant shall not give bond to retain the possession of the same, the plaintiff or defendant may make out a petition in writing setting forth the kind, nature and condition of the property, and present said petition to the judge of the district in vacation; and if he shall find it sufficient in form and conditions, he may hear the testimony of witnesses as to the property, and if he shall believe that the interests of both plaintiff and defendant will be promoted by the sale of the property, may order such sale to be made, and direct the manner thereof."

We think this statute is clearly intended to provide for two contingencies (a) When goods are perishable in their nature. (b) When they are liable to be lost or diminished in value before the final adjudication of the case. This must be true, else the second clause of the statute must be taken as wholly meaningless, for property that is "perishable in its nature" would certainly be liable to be lost or diminished in value.

Jones v. Springer.

It is a well settled rule of statutory construction that "a statute must receive such reasonable construction as will, if possible, make all its parts harmonize with each other, and render it consistent with its scope and object." 2nd Lewis Sutherland Stat. Cons. (2nd. ed.) Secs. 368-370.

The order of sale recites that the dredge in question was deteriorating in value, which brings it within one of the classes specified in the statute, so that the trial court had jurisdiction to order its sale. McCrery v. Berney Natl. Bank., 116 Ala. 224; 67 Am. St. Rep. 105; Bueler v. Woods et al., 43 Mo. App. 494; Young v. Kellar, 94 Mo. 581.

Much has been said by counsel in their briefs and many cases cited, as to what kinds of property may be sold under statutes similar to ours, as perishable, and many cases are to be found which hold that it must be property that has an inherent tendency to decay or become a total loss, such as fruits, fresh meats, fish and like articles, which from their nature will become a total loss unless sold at once, but the modern doctrine and we think by far the more practical and common sense view is that stated in McCrery v. Berney Natl. Bank, supra.

"This theory would limit the power of the court to order the sale of only such property as contained in itself the elements of speedy decay, such as fruits, fish, fresh meats, et cetra, or such as from its nature could be said to be perishable without any evidence to prove the fact and cannot be sustained without giving to our statutes regulating the subject, a constructon so narrow as to defeat the manifest purpose intended to be accomplished by the legislature in their enactment, and to defeat also in many instances the purpose of the statutes authorizing the remedy by attachment."

The very fact that our statute gives the judge authority to hear the testimony of witnesses as to the property, and if he shall believe that the interests of both plaintiff and defendant will be promoted by the sale of the property, may order such sale to be made and direct the manner thereof, would indicate an intention on the part of the

legislature to leave the question of what property or class of property might be thus ordered sold, in the discretion of the judge in each particular case.

It is contended that the judge of the District Court had no power to order the sale because no formal petition therefor appears in the record.

The third finding of fact of the learned trial court on page 144, of the record, is to the effect that on the first day of May, 1906, a petition was duly presented to the judge of this court for an order directing the sale of said mining dredge, etc.," and in the stipulation of counsel at p. 120 of the record, Mr. McLeisk, appellant's counsel states:

"The application to sell the dredge was made, as I understand it, under a statute of this Territory, which provides for the sale of perishable property."

It therefore seems that no such claim was made at the trial, and no such issue raised in the trial court, and this court will therefor indulge the presumption that the petition was duly filed in the absence of affirmative proof to the contrary.

If the sale was regularly made upon an order of a court of competent jurisdiction, and if Springer was a purchaser of the dredge in good faith, and without notice, can his title be questioned?

The case of Young v. Keller, 94 Mo. 581, is a very instructive case upon this point, and after collating and analyzing the authorities lays down the rule that "where attached property is sold under an order of the court, because of its perishable nature, the purchaser takes a title good, as against the world."

The reason for this rule is obvious, such sales are made upon the theory that it is for the interest of all parties concerned. The title to the property is in dispute and the property itself in *custodia legis* to abide the result of the suit. It is made to appear to the court that unless the sale is made the result of the suit will avail neither party, as its value will be diminished or destroyed before the right to the thing can be determined, in due course of law. It is

therefore ordered changed from its perishable form into money, which is imperishable so that he who prevails in the suit may not be deprived of the benefits of his victory.

The purchaser at such a sale stands upon different ground than the ordinary purchaser at a Judicial Sale, upon execution, after judgment. He not only succeeds to the title of the judgment creditor but to the rights of all parties, to the suit, which may be afterwards determined, and the rights of all the parties to the suit attach to the proceeds of the sale in lieu of the thing sold.

The proceeds of this sale then passed to the Trustee in Bankruptcy in lieu of the dredge itself, Springer, the purchaser at the sale, being a bona fide purchaser for value, without notice or reasonable cause for inquiry within the meaning of the proviso to Section 67 f, of the Bankruptcy Act of 1898, (30 Stat. L. 565); Clarke v. Larremore, 188 U. S. 486; in re Kenney, 105 Fed. Rep. 897; Id. 95 Fed. Rep. 427; in re Franks, 95 Fed. Rep. 635.

In the case of York Manufacturing Company v. Cassell, 201 U. S. 344, the Supreme Court of the United States, speaking of the rights of the Trustee in Bankruptcy under the present bankruptcy law, through Mr. Justice Peckham says "Under the provisions of the bankrupt act the trustee in bankruptcy is vested with no better right or title to the bankrupt's property than belonged to the bankrupt at the time when the trustee's title accrued. x x x x The remark in Mueller v. Nugent, 184 U. S., that the filing of the petition (in bankruptcy) is a caveat to all the world, and in effect an attachment, and injunction, was made in regard to the particular facts in that case."

In this case neither the court below, the receiver making the sale, or the purchaser had any notice of the bankruptcy proceedings in the United States Court for the Northern District of Illinois. The sale was regularly made, under the order of the court, and without any knowledge whatever of the bankruptcy proceedings. The court passed upon the necessity of selling the dredge and it was sold,

Fabro v. Gallup.

and the proceeds are apparently still in the hands of the court. Under these circumstances the learned trial court was right in refusing to set aside the sale of the dredge and ordering it turned over to the trustee, and the judgment is affirmed.