THE PEOPLE, PLAINTIFF AND RESPONDENT, *v.* VÁZQUEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 2, in a Prosecution for the Violation of Section 288 of the Penal Code.

No. 806.—Decided May 17, 1915.

PROSTITUTION—ASSIGNATION HOUSE—INFORMATION—KNOWLEDGE OF OFFENSE.— An information charging a violation of section 288 of the Penal Code is bad when it fails to charge that the defendant knew that the house was to be dedicated to purposes of assignation or prostitution. The mere allegation that the house was dedicated to purposes of prostitution and that the apartments were rented by the accused to women given over to prostitution is not equivalent to an averment of knowledge.

ID.—MENTAL ELEMENT.—If the mental element of any conduct is absent in a given case, the crime is not committed.

ID.—KNOWLEDGE OF OFFENSE—EVIDENCE.—Even when in a prosecution for violation of section 288 of the Penal Code the evidence tends to show guilty knowledge on the part of the defendant, he cannot be convicted without an opportunity to defend himself on that charge.

The facts are stated in the opinion.
*Mr. Francisco del Valle, Jr.,* for the appellant.
*Mr. Salvador Mestre, fiscal,* for the respondent.
MR. JUSTICE WOLF delivered the opinion of the court.
This case turns on the information which set up:

"In the District Court of San Juan on January 22, 1914. The *fiscal* files this information against Francisco Vázquez B. for a vio-

lation of section 288 of the Penal Code, misdemeanor, committed as follows: The aforesaid Francisco Vázquez B., on or about January 20, 1914, and in the city of San Juan, of the municipal judicial district of the same name, had leased house No. 5 on Mercado Street, a property of Luis Garófalo, which was devoted to prostitution, the rooms being rented to women given over to prostitution. This is an act contrary to the law in such cases provided and against the peace and dignity of The People of Porto Rico."

Section 288 referred to is as follows:

"Section 288.—Every person who keeps any disorderly house, or any house for the purpose of assignation or prostitution, or any house of public resort, by which the peace, comfort, or decency of the immediate neighborhood is habitually disturbed, or who keeps any inn in a disorderly manner; and every person who lets any apartment or tenement, knowing that it is to be used for the purpose of assignation or prostitution, is guilty of a misdemeanor."

In this information there is no averment that Vázquez let apartments knowing that they were used for the purpose of assignation or prostitution. The mere allegation that the house was dedicated to purposes of prostitution, Vázquez renting the apartments to women given over to prostitution, is not the equivalent of an averment of knowledge on the part of Vázquez. Under section 288 an averment of knowledge is indispensable.

In the case of *United States* v. *Carll,* 105 U. S., 611, the court held that when knowledge was an essential element of a crime the failure to aver such knowledge made an indictment bad. Under facts almost identical to that case, in *People* v. *Garcia,* 9 P. R. R., 393, reviewing the authorities, we held an information for counterfeiting to be bad wherein there was no allegation that defendant knew that the coin passed was counterfeit. In *People* v. *Ferraris,* 15 P. R. R., 793, it was held, citing from Mr. Justice Stephen, that if the mental element of any conduct was absent in a given case the crime was not committed. See likewise 14 Cyc., 491; 22 Cyc., 327 *et seq.*

The proof of this case tends to show that the defendant knew the character of the house. No objection to the information was made in the court below. But the error being one of substance, it was not cured by verdict or judgment. *Territory* v. *Cortez,* 103 Pac., 265, citing *United States* v. *Carll, supra,* and other cases.

Although at first glance it may seem a hardship that a judgment should be reversed where the proof tended to show guilty knowledge, yet it is evident that the defendant has never been heard on the question of whether he had knowledge or not of the illicit character of the house. Here, perhaps, the parties all went to trial without any consciousness that the defendant was charged with knowingly renting apartments to be used for prostitution. However that may be, certain it is that defendant was not advised by the information that he was charged with a guilty knowledge and he should not have been convicted without an opportunity to defend on that charge. The statute is plain and it should be easy for the prosecuting officers to follow it when a conviction is sought.

The judgment must be

*Reversed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.