113 So.2d 499

Sam McCULLOUGH, Executor, et al.,

v.

Mary Lizzie McCULLOUGH, Executrix.

4 Div. 960.

Supreme Court of Alabama.

June 25, 1959.

S. Fleetwood Carnley and J. C. Fleming, Elba, for appellants.

C. L. Rowe, Elba, for appellee.

STAKELY, Justice.

M. F. McCullough died on the 9th day of June, 1956, leaving an instrument purporting to be his last will and testament in which he named his widow, Mrs. Mary Lizzie McCullough, his sole devisee and legatee and in which he named his widow and one of his sons, Sam McCullough, as joint executors.

This alleged will was filed for probate in the Probate Court of Coffee County, Elba Division, on July 16, 1956. Subsequently contest of the will was filed in the Circuit Court of Coffee County, Elba Division, by the children of the deceased, which included Mrs. Grace Rowell and others. This resulted in a verdict in favor of the contestants and against the will.

On November 7, 1957, Mrs. Mary Lizzie McCullough made a motion for new trial. This motion has not been ruled upon.

On November 25, 1957, Mrs. Mary Lizzie McCullough individually and as coexecutor of the aforesaid will, instituted a proceeding in which she named the children and her coexecutor as respondents and in which she sought a judicial declaration as to her homestead and quarantine rights pending final determination of the will contest and pending the allotment to her of her dower and homestead rights in the event the will contest is finally determined against the will. These proceedings are still pending in the Circuit Court of Coffee County, Elba Division.

On May 10, 1958, Mrs. Mary Lizzie McCullough as executor of the aforesaid estate filed another petition in the cause in which she alleged that she and Sam McCullough are executors under the will of the decedent and have irreconcilable differences; that she is the widow of the decedent and had previously filed in the court her petition for quarantine rights in the lands belonging to the decedent; that she had proceeded to rent to the government under the soil bank program the cotton and corn allotments of the estate for the year 1958 and that to perfect the rental contract between the government and herself, any livestock grazing on the said land must be removed from the rented portion and must not be permitted on said portions of land during the rental period. She alleged that said livestock were of a perishable nature and that the sale thereof will be beneficial to the estate and she prayed that the livestock be sold.

To this petition the appellants filed a plea in abatement. The plea in abatement undertook to show that all of the rights claimed by the widow in the instant petition will be determined in matters already before the court and which have been hereinbefore set forth. The plea in abatement was held legally insufficient by the court. Thereupon the appellants filed an answer to the petition in which it was denied that the livestock were perishable and that the sale of the livestock was to the interest of the estate. Testimony was heard before the court on the petition to sell the livestock and a decree was rendered by the court on May 13, 1958, granting the petition of Mrs. Mary Lizzie McCullough to sell the livestock. This appeal is from the foregoing decree.

On this appeal it is insisted that the court upheld the petition for the sale of livestock on the theory of perishable property through a mistaken concept of the case of McCreery v. Berney National Bank, 116 Ala. 224, 22 So. 577. It is argued that that case deals with a situation where a sheriff levied upon perishable property and therefore the property could be sold to avoid loss.

The instant case, however, is in equity and sales of personal property in

the equity court, according to Equity Rule 109, Code 1940, Tit. 7 Appendix, are to be governed by the practice applicable to sales of personal property in courts of equity. Riley v. Wilkinson, 247 Ala. 231, 23 So.2d 582. According to Equity Rule 109 if the property be of perishable nature and proof be made that a sale thereof will be beneficial to an estate, the court has the power to order the sale of the personal property, where it is in the hands of the executor or the administrator. See also § 228, Title 61, Code of 1940.

 Under the reasoning in McCreery v. Berney National Bank, supra, the statute should be given a comprehensive construction and all that is necessary to be shown is that the property in the hands of the court is likely to waste or be destroyed by keeping. In other words, quoting from the foregoing case, " 'If it is shown that, by keeping the article, it will necessarily become, or is likely to become, worthless to the creditor, and by consequence to the debtor, * * *' " [116 Ala. 224, 22 So. 579], then it does not matter what the subject matter is. " 'It [can] be cotton bales, live stock, hardware, provisions, or dry goods.' "—McCreery v. Berney National Bank, supra.

According to the decree of the court it was shown that while there was an abundance of food for the livestock there would be an expense in fixing adequate fences in order to conserve the livestock. Furthermore, according to the decree, "To permit the livestock, which the testimony shows to be around eleven head of cattle, plus one horse, to graze on the land from now until the end of the year would cost the Estate the value of the rent, some $1,675.—It could hardly be conceived that the livestock would be worth that much more at the end of the year."

Accordingly, the court held that it would be to the benefit of the estate to dispose of the livestock because under the existing circumstances, the livestock could not be taken care of without considerable

time and expenditure. Accordingly the court held that the livestock was perishable. Furthermore the court decreed that the proceeds of sale would be paid into the registry of the court to await the further orders of the court. We think, therefore, that the decree was a final decree in equity and as such will support an appeal. Ex parte Elyton Land Co., 104 Ala. 88, 15 So. 939.

We conclude that the court ruled correctly in entering its final decree and that the judgment of the lower court must be affirmed.

Affirmed.

LAWSON, GOODWYN and MERRILL, JJ., concur.