Joseph Morrissey *vs.* Jeanette Piette.

APRIL 15, 1963.

Present: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

Powers, J. This is a petition for certiorari seeking to quash the order of a superior court justice granting an attaching creditor's application for the sale of personal property in the custody of the sheriff, which order the petitioner alleges was not within the jurisdiction of said justice. We issued the writ and in response thereto the record has been certified to this court for our examination. The petition for the writ was entitled "Jeannette Piette vs. Joseph Morrissey," but by agreement of the parties was amended to conform with the names of the parties as they appear in the law action to which the instant proceedings are ancillary in nature.

It appears from the petition and the record that Joseph Morrissey commenced an action of assumpsit against Jeanette Piette by writ of attachment, dated October 3, 1962 and returnable to the district court of the tenth judicial district. Thereafter, Morrissey made written application to that court for the sale of a house trailer, the property of Mrs. Piette, which having been attached by a deputy sheriff pursuant to the writ was in his custody.

At a trial on the merits of the assumpsit action, the district court justice rendered a decision for defendant and denied plaintiff's application for the sale of the attached trailer. The plaintiff duly appealed from said decision to the superior court where the case was assigned to May 13, 1963.

On November 9, 1962 Morrissey made application to the superior court for the sale of the attached property, alleging

that the cost of keeping it was so great and would so diminish its value that the continued keeping would result in a total cost greatly disproportionate to the value of said property.

The defendant objected to any consideration of the application for sale on the ground that the court was without jurisdiction to hear it. The court, holding this objection to be without merit, received evidence that the sheriff's office was assessing costs of $2 per day for the keeping and that a fair market value of the attached trailer was in the neighborhood of $700. Over the continued objection of defendant the trial justice thereupon ordered the sale as prayed.

The defendant, petitioner here, contends that since the writ issued out of a district court, the superior court was without jurisdiction to grant the prayer under the authority of G. L. 1956, §10-5-35, the provisions of which are as follows:

> "Whenever any officer shall attach, on any writ, any live animals or any goods or chattels which are liable to perish or waste, or to be greatly reduced in value by keeping, or which cannot be kept without great and disproportionate expense, any justice of the court out of which the writ shall have been issued may, on the written application of any person interested in the property, cause the defendant and the attaching creditor, or complainant, their attorneys or agents, to be notified to appear at a time and place appointed for that purpose, to show cause why the same should not be sold."

This contention, although sufficient to support a petition for certiorari on the issue of jurisdiction, is nevertheless without merit in our judgment. Unquestionably the jurisdiction conferred by §10-5-35 remains exclusively with the district court so long as the action at law to which it relates is pending therein. When, however, the superior court becomes vested with jurisdiction of the action at law by reason of a timely appeal from a decision thereon by the district

court, jurisdiction to entertain a subsequent application for sale of the attached property is likewise vested in the superior court, attaching as part of that court's jurisdiction to hear the law action on its merits.

The petitioner's further contention that the decision of the district court in denying the application was res adjudicata, having been once considered by the district court, is likewise lacking in merit. By the very nature of the purpose to be served by the statute, it is obvious that an application for sale might well be dismissed when first made. However, with the passage of time, the necessity for renewing such application might well become not merely advisable but imperative.

Assuming the foregoing, however, petitioner contends it was error for the superior court justice to have granted the application absent any showing that Morrissey was in fact a person having an interest in the property as required by the statute. Manifestly, an attaching creditor was within the contemplation of the legislature as a person interested in the property when the applicable statute was enacted. It would have served little purpose to have authorized the seizing and keeping of private property by the sheriff to ensure satisfaction of a judgment subsequently obtained, if during such keeping by him the property were suffered to become so diminished in value as to deny to the attaching creditor the fruits of the remedy intended to be provided. See *McCreery & Co.* v. *Berney National Bank,* 116 Ala. 224.

Even so, petitioner contends, the decision of the superior court justice is erroneous in that it was rendered absent any showing that Morrissey was an attaching creditor. The justice, however, was warranted in taking judicial notice of Morrissey's pending action in assumpsit and, having jurisdiction thereof, was competent to act upon the application before him since the property in question was that which

had been attached by the deputy sheriff pursuant to the writ in the assumpsit action.

Nor is there merit in the argument that the application was not properly before the court for the reason that it had not been sworn to by the applicant. The application set forth in writing all of the material facts necessary to apprise the justice who heard it of the circumstances and parties to which it related. Nothing more is required. If, as petitioner appears to contend, the swearing thereto would lend a desirable solemnity, it is for the general assembly to make such requirement and they have not deemed it advisable to do so.

The petitioner's remaining contention, namely, that the trial justice was persuaded, at least in part, to grant the application on charges being assessed by the sheriff's office, which charges, it is alleged, are not within the jurisdiction of the sheriff to assess, is not open to review in these proceedings. Assuming arguendo that the sheriff has no legal justification for assessing a charge of $1 daily for the storage of the trailer, no such charge has as yet been added as costs since the party presumably responsible therefor has not yet been determined. If and when that situation arises it may conceivably be then open to attack in appropriate proceedings, but no such contention is tenable at this time.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, the stay heretofore granted is vacated, and the record certified to this court is ordered returned to the superior court with our decision endorsed thereon.

FROST, J., did not participate in the decision.

*Pontarelli & Berberian, Aram K. Berberian,* for petitioner Jeanette Piette.

*Anthony A. Giannini,* for respondent Joseph Morrissey.